UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CANDICE MYHRE; NORMAN DAVIDSON, IV;<br><br>    Plaintiffs,<br><br>    vs.<br><br>MARINA LLC, d.b.a. LADY ANN CRUISES, INC., d.b.a. BLUE OCEAN ADVENTURE TOURS; KEVIN VIDINHA, KEVIN LNU; DOE DEFENDANTS 1-10, DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE LIMITED LIABILITY ENTITIES 1-10,<br><br>    Defendants. | CIV. NO. 24-00217 LEK-WRP |

**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE DEREK JOHNSON, D.O. AS AN EXPERT WITNESS, [FILED 12/8/25 (DKT. NO. 51)]**

Defendants Marina LLC and Captain Kevin Vindinha (collectively "Defendants") seek to strike Plaintiffs Candice Myhre ("Myhre") and Norman Davidson, IV's (collectively "Plaintiffs") expert witness, Derek Johnson, D.O. [Motion to Strike Derek Johnson, D.O. as an Expert Witness, filed 12/8/25 (dkt. no. 51) ("Motion").] As follows, the Motion is granted.

## BACKGROUND

The instant matter arises out of a power catamaran scenic and snorkel tour that Plaintiffs boarded on May 14, 2021 from Kikiaola Small Boat Harbor ("May 2021 Incident"). [First Amended Complaint, filed 6/26/24 (dkt. no. 11), at ¶¶ 8-13.] As

the vessel began to exit the harbor, it encountered large waves, [id. at ¶ 16,] and Myhre states that she flew out of her seat, hit her face on the vessel's railings, and slammed down onto metal seats, [id. at ¶¶ 23-24]. As a result, she was transported to Kauai Medical Clinic for medical care and received treatment for physical injuries to her face, knee, and lower leg. [Id. at ¶ 25.] The initial Rule 16 scheduling order set the matter for trial to commence on March 9, 2026, and, as pertinent to the issue at hand, set deadlines for disclosures by Plaintiffs regarding expert witnesses for June 30, 2025, and the deadline for completion of discovery for October 10, 2025. [Rule 16 Scheduling Order, filed 12/10/24 (dkt. no. 30) ("Scheduling Order"), at ¶¶ 1, 3(a), 5(a).]

On June 24, 2025, Plaintiffs disclosed Dr. Derek S. Johnson, D.O. ("Dr. Johnson") as "Plaintiffs' medical expert who will testify, including but not limited, to Plaintiff CANDICE MYHRE's injuries and damages issues." See Motion, Mem. in Supp. at 2 (quoting Motion, Declaration of Gregory Y.P. Tom ("Tom Decl."), Exh. 1 (Plaintiffs' Expert Witness Disclosures)); see also Certificate of Service (service of Plaintiffs' Expert Witness Disclosures), filed 6/25/25 (dkt. no. 43). On October 9, 2025, Dr. Johnson's hourly fees, his opinion regarding the cause of Myhre's sepsis, and his curriculum vitae were provided to

defense counsel. [Tom Decl., Exh. 3 (e-mail dated 10/9/25 from Douglas Thomas Moore) ("Pls' Supplemental Disclosure").]

## DISCUSSION

Defendants submit that Dr. Johnson's disclosure is untimely because Plaintiffs failed to disclose him properly as a medical expert. [Mem. in Supp. at 8.] Because trial is scheduled to commence in less than sixty days and the discovery deadline has expired, Defendants argue that they would be plainly prejudiced should Dr. Johnson be permitted to testify as a retained expert or as a treating physician at trial. [Id.] Plaintiffs, however, contend that Dr. Johnson was disclosed on June 24, 2025 as a non-treating medical expert, and his opinions were disclosed on October 9, 2025. [Pls.' Memorandum in Opposition, filed 12/22/25 (dkt. no. 55-1) ("Mem. in Opp."), at 4.] There was no failure to identify Dr. Johnson as a retained non-treating physician, they argue, because they stated in the initial disclosure that "'Plaintiffs reserve the right to supplement and/or amend [their] disclosure as necessary and as additional information becomes available through discovery and other means.'" [Id. (citation omitted) (quoting Tom Decl., Exh. 1 (Plaintiffs' Expert Witness Disclosures), at 3. Plaintiffs argue that if there was a failure to disclose, that failure was merely harmless under Rule 37(c)(1). Id. at 5-6 (citing Marson v. Four Seasons Hotels Ltd., CIVIL NO. 18-00392

3

JMS-WRP, 2020 WL 13180372 (D. Hawai`i March 5, 2020)). Because "Plaintiffs have provided the required disclosure information to Defendants on October 9, 2025, . . . any prejudice is cured." [Id. at 6.] Plaintiffs suggest a short extension of the discovery deadline to permit Defendants to take Dr. Johnson's deposition and of Defendants' expert disclosures requirement, should they wish to name an expert witness to counter Dr. Johnson. [Id.] Lastly, Plaintiffs deny any bad faith in failing to disclose Dr. Johnson.

In reply, Defendants submit that "Plaintiffs concede that Dr. Johnson was not properly disclosed as a non-retained treating physician expert witness under Fed. R. Civ. P. 26(a)(2)(C)"; that Plaintiffs failed to timely disclose Dr. Johnson as required by Fed. R. Civ. P. 26(a)(2)(B); and that Plaintiffs' failure is not harmless because Defendants are prejudiced by this failure to comply with the disclosure requirements. [Reply Memorandum in Support of Motion to Strike, filed 1/5/26 (dkt. no. 56) ("Reply") at 1-2.] Defendants argue that Myhre claims she contracted sepsis in January 2025 and that the sepsis was caused by the May 2021 Incident. They contend that Dr. Johnson's opinion report – disclosed on October 9, 2025 – is devoted entirely to the cause of Myhre's sepsis. [Id. at 4-5.]

4

The rules governing the disclosure of witnesses are set forth in Federal Rule of Civil Procedure 26. First, there are initial disclosures that must be made (except in limited and specific types of proceedings) without waiting for a discovery request. Fed. R. Civ. P. 26(a)(1)(A)-(B). Expert witness disclosures are dictated by Rule 26(a)(2), which provides that "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The rules of evidence specified in Rule 26(a)(2)(A) pertain to witness testimony involving specialized knowledge. See, e.g., Fed. R. Evid. 702 (when an expert witness can give opinion testimony). Where the witness has been "retained or specially employed to provide expert testimony," then disclosure of the witness "must be accompanied by a written report – prepared and signed by the witness . . . ." Fed. R. Civ. P. 26(a)(2)(B). The time to make the disclosure and provide the accompanying report is "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). In this matter, the deadline for expert witness disclosures was June 30, 2025. [Scheduling Order at ¶ 3(a).]

However, if the witness is not required to provide a report, then the witness disclosure needs only to state the

5

subject matter that the witness is expected to present evidence on involving specialized knowledge, and a summary of the facts and opinions that the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C); see, e.g., Goodman v. Staples The Off. Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011) (holding that a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that the physician's opinions were formed during the course of treatment).

The key question is: does Rule 26(a)(2)(B)'s written report requirement apply to Dr. Johnson's disclosure as an expert witness? Dr. Johnson is not identified as a treating physician; the opinions expressed do not indicate that they were formed during Plaintiff's treatment; and Plaintiffs state that he was not a treating physician for Myhre. [Mem. in Opp. at 4-5.] Therefore, Rule 26(a)(2)(B) applies. Plaintiffs thus were required to disclose Dr. Johnson as an expert witness **and** provide an accompanying written report by the expert witness disclosure deadline of June 30, 2025. The expert report was not provided by that deadline and, to the extent that Plaintiffs contend that their submission of his report on October 9, 2025 was a supplemental disclosure, this contention falls short of the mark because of Rule 26(a)(2)(B)'s directive that the written report must **accompany** the expert witness disclosure. Fed. R. Civ. P. 26(a)(2)(B). It defeats the disclosure

6

requirement if the expert's opinion report is not provided by the same deadline. The Court concludes that Plaintiffs failed to disclose Dr. Johnson's expert opinion testimony as required by Rule 26.

Federal Rule of Civil Procedure 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction." Goodman, 644 F.3d at 827 (citation omitted). Even if a court determines that the exclusionary sanction applies, "on motion and after giving an opportunity to be heard," a court may elect to order different sanctions in addition to or instead of the exclusion sanction, including "order[ing] payment of the reasonable expenses, including attorney's fees, caused by the failure" or "impos[ing] other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(A), (C).

Here, Plaintiffs have not carried their burden of proving harmlessness. Trial is scheduled to be held in two months and discovery has been completed. Dr. Johnson's opinion report is not dated but the request for his opinions is dated February 21, 2025, which is seven months before it was disclosed

7

to Defendants and four months before the expert witness disclosure deadline. [Tom Decl., Exh. 3 (e-mail dated 10/9/25 from Douglas Thomas Moore) at PageID.199-200.] No explanation is offered as to why it took from February to October to obtain and disclose Dr. Johnson's written opinion report. There is no indication that his report could not have been disclosed by the June 30, 2025 expert disclosure deadline.

Plaintiffs submit that any prejudice is easily remedied by an extension of the expert witness disclosure deadline and urge the Court to adopt the approach in Marson, 2020 WL 13180372. They are mistaken. The prejudice found in Marson for failure to make the proper expert disclosures stands in sharp contrast to the case at hand as it involved a case that was more than six months away from trial. See id. at *4. Thus, the prejudice was readily able to be cured given the timeframe and because the experts involved were treating physicians; Plaintiff's disclosures were improperly generalized; and there was sufficient time for Plaintiff to produce an expert witness disclosure that fully complied with Rule 26(a)(2)(C) prior to trial. Id. at *3.

Here, a lesser sanction could be to require Plaintiffs to pay the costs and attorney's fees to allow Defendants to take Dr. Johnson's deposition; the costs and attorney's fees for the deposition of any expert witness that Defendants may elect to

retain after taking Dr. Johnson's deposition; and the costs of retaining any expert witness that Defendants may elect to retain. But taking Dr. Johnson's deposition and possibly retaining a defense medical expert with sufficient time to allow that expert to review medical records and Dr. Johnson's testimony and having the defense expert prepare a report and have his or her deposition taken takes time; most likely four to six months, which is much more time than the two months before this matter is scheduled for trial.

Thus, the Court concludes that the failure to disclose was not harmless and that lesser sanctions are not reasonably available.

Rule 37(c)(1) is an "automatic" sanction that prohibits the use of improperly disclosed evidence. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (quotation marks and citation omitted). Thus, this Court **may** impose an exclusion sanction where the failure to disclose is not harmless. Id. at 1106-7. The caveat is that

> if a Rule 37(c)(1) sanction will "deal[ ] a fatal blow" to a party's claim, a district court must consider (1) "whether the claimed noncompliance involved willfulness, fault, or bad faith" and (2) "the availability of lesser sanctions." [R & R Sails, Inc. v. Insurance Co. of Pennsylvania, 673 F.3d 1240,] 1247 [(9th Cir. 2012)]. We usually apply these factors to Rule 37(b)(2)(A)(v) sanctions of dismissal. See, e.g., Henry v. Gill Indus., Inc., 983 F.2d 943, 946, 948 (9th Cir. 1993); Wanderer v. Johnston,

9

> 910 F.2d 652, 656 (9th Cir. 1990). But R & R Sails held that when excluding case-dispositive evidence under Rule 37(c)(1), a district court must consider these two factors as part of its "harmlessness inquiry." 673 F.3d at 1247. R & R Sails further held that a district court abuses its discretion in excluding case-dispositive evidence if it fails to "conduct[ ] this inquiry" or "make the requisite findings." Id. at 1248.

Merch. v. Corizon Health, Inc., 993 F.3d 733, 740-41 (9th Cir. 2021).

First, the Court cannot conclude that excluding Dr. Johnson will deal a fatal blow to Plaintiffs' claims. The claims in the First Amended Complaint are for Negligence (Count I); Gross Negligence (Count II); Negligent Infliction of Emotional Distress (Count III); Intentional Infliction of Emotional Distress (Count IV); Respondeat Superior (Count V); and Loss of Consortium (Count VI). [First Amended Complaint at pgs. 8-13.] Dr. Johnson's opinion testimony has no bearing on liability issues. While his testimony does bear upon Myhre's claims of physical injuries (more specifically, the cause of her sepsis), there is no indication that her treating physicians are unable to testify regarding the nature and extent of her injuries for which she was treated and that they observed. The First Amended Complaint appears replete with photographic images depicting contusions, serious bruising and swelling. See id. at pgs. 7-8. Most of Plaintiffs' damages claims, except for her

10

claim that the May 2021 Incident caused her to develop sepsis, would go forward.

Second, even assuming for purposes of this Motion that the exclusion sanction would be a fatal blow to Plaintiffs' claims, the Court looks at whether there was willfulness, fault, or bad faith and whether lesser sanctions are available. As already discussed, the Court has concluded there are no lesser sanctions reasonably available given the short time before the trial date. The Court next turns to Plaintiffs' noncompliance with the expert witness disclosure deadline. Because Plaintiffs requested Dr. Johnson's opinions in February 2025 and Plaintiffs have not explained that the opinion report was not provided to them before the expert witness disclosure deadline in June, the Court concludes that Plaintiffs' failure to disclose by the expert witness disclosure deadline of June 30, 2025 and their disclosure on October 9, 2025 (over seven months after the report was requested and over three months after the deadline) was willful or that Plaintiffs are at fault for this noncompliance. The Court cannot conclude that Plaintiffs had an excuse for the late disclosure, such as needing additional time for the expert disclosure, because they did not seek an extension of the deadline from the magistrate judge nor explain the reason for their failure to comply with the Rule 16 deadline.

In sum, the Court concludes that the noncompliance was not harmless; that there are no lesser sanctions available given the short time before trial; and that the exclusion sanction is warranted and will not result in a fatal blow to Plaintiffs' claim. In the alternative, if the exclusion sanction results in a fatal blow to Plaintiffs' claims, the noncompliance was Plaintiffs' fault or due to Plaintiff's willfulness given the length of time between the expert disclosure deadline and when the opinion report was requested and because it is likely that Dr. Johnson provided Plaintiffs his opinion report in the four months between the request and the expert witness deadline since Plaintiffs did not seek an extension of the deadline.

## **CONCLUSION**

For the reasons stated, Defendants' Motion to Strike Derek Johnson, D.O. as an Expert Witness, filed December 8, 2025, is GRANTED and Plaintiffs are not allowed to use Dr. Johnson as a witness at a trial.

DATED AT HONOLULU, HAWAII, January 14, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**MYHRE ET AL. VS. MARINA LLC ET AL.**; CV 24-00217 LEK-WRP; ORDER GRANTING DEFENDANTS MOTION TO STRIKE DEREK JOHNSON, D.O. AS AN EXPERT WITNESS, [FILED 12/8/25 (DKT. NO. 51)]